STEVEN A. GIBSON
Nevada Bar No. 6656
sgibson@dickinsonwright.com
JODI DONETTA LOWRY
Nevada Bar No. 7798
jdlowry@dickinsonwright.com
JOHN C. BLATTNER
*Pro Hac Vice* Application Filed Simultaneously Herewith
jblattner@dickinsonwright.com
MICHELLE R. HEIKKA
*Pro Hac Vice* Application Filed Simultaneously Herewith
mheikka@dickinsonwright.com

## DICKINSON WRIGHT PLLC
City Center West
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Telephone 702.541.7888
Facsimile 702.541.7899

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INTERMEDIA OUTDOORS, INC., a Delaware corporation,<br><br>             Plaintiff,<br>      v.<br><br>PERFORMANCE RHINO, LLC, a Nevada limited-liability corporation,<br><br>             Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiff, InterMedia Outdoors, Inc. ("InterMedia") complains against Defendant, Performance Rhino, LLC ("Defendant"), on information and belief, as follows:

### <u>NATURE OF ACTION</u>

1.      This is a civil action for trademark infringement under Section 32 of the Lanham Act (15 U.S.C. §1114) and Nevada common law; false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)); trademark dilution under Section 43(c) of the Lanham Act (15 U.S.C. §1125(c)) and Nevada Revised Statutes 600.435; violation of the Anti-Cybersquatting Consumer Protection Act under 43(d) of the Lanham Act (15 U.S.C. §1125(d));

and misappropriation of licensable commercial properties under Nevada common law.  As a result of the unlawful actions as alleged herein, InterMedia seeks injunctive relief, the recovery of actual damages, statutory damages, treble damages, special damages, costs of suit, attorney fees, and other such relief as the Court may deem appropriate.

## PARTIES AND JURISDICTION

2.     InterMedia is a Delaware corporation whose goods are sold in this judicial district.

3.     Defendant is a Nevada limited-liability company located at 5155 S. Dean Martin Drive, Las Vegas, Nevada, and is doing business in this judicial district.

4.     This Court has jurisdiction over the counts of this action based upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

5.     This Court has supplemental jurisdiction over InterMedia's claims arising under the laws of the State of Nevada pursuant to 28 U.S.C. §1367(a), because these claims are related to InterMedia's claims under federal law, form part of the same case or controversy, and derive from a common nucleus of operative fact.

6.     Venue is proper in this district because Defendant resides within this district, as provided in 28 U.S.C. §§1391(b).

7.     This Court has personal jurisdiction over Defendant as Defendant conducts business within this district and the State of Nevada.

## FACTS

8.     InterMedia is a leading outdoor-sports-oriented media group in the United States, serving over 80 million subscribers worldwide.

9.     InterMedia publishes fifteen hunting, fishing, and shooting magazines; owns the market's leading online/digital network; broadcasts several syndicated radios shows; hosts multiple popular consumer events; and operates The Sportsman Channel, a television network dedicated to the outdoors sporting lifestyle.

10.     InterMedia owns a federal registration for the mark GUNS & AMMO, U.S. Registration No. 2,522,261 for "magazines in the field of guns, ammunition, hunting and related

topics[,]" registered on **December 25, 2001**.  *See* USPTO, Ex. 1.  This mark was first used in United States commerce in connection with the identified goods and services as early as 1958.

11.     One of InterMedia's most popular magazines, published under the mark GUNS & AMMO, is the world's most widely read firearms magazine, marketed and sold in all fifty states and throughout the world.  GfK MRI, a media research company that tracks print and Internet magazine readership, has estimated that more than 8 million people worldwide read GUNS & AMMO.

12.     Paid subscriptions for GUNS & AMMO currently exceed 389,000 per year.  In the first six months of 2012, InterMedia sold an additional 323,018 single copies of GUNS & AMMO through newsstands, bookstores, and other retail outlets, including stores that market and sell guns and ammunition.

13.     From January 2012 through June 2012, InterMedia sold 1,489 single copies and 3,726 paid subscriptions of GUNS & AMMO in Nevada alone. InterMedia also markets GUNS & AMMO through a website located at www.gunsandammo.com (the "Website").  In 2011, the Website received over 16 million hits.  From January 2012 through September 2012, the Website received over 23 million hits.

14.     InterMedia uses the GUNS & AMMO mark to also market a magazine dedicated to handguns, GUNS & AMMO HANDGUNS.  Paid subscriptions to GUNS & AMMO HANDGUNS exceed 100,000.  In 2011, the website for GUNS & AMMO HANDGUNS received almost 4 million hits.

15.     InterMedia also markets and sells books under the GUNS & AMMO mark, including, without limitation, the following:

| Book Name | Distribution |
| --- | --- |
| Guns & Ammo Book of 1911 | 111,272 |
| Guns & Ammo Handguns Annual | 94,443 |
| Guns & Ammo Annual | 137,016 |

| Guns & Ammo Book of AR #1 | 80,511 |
| Guns & Ammo Combat Arms | 113,328 |
| Guns & Ammo Book of AK 47 | 92,201 |
| Guns & Ammo AR #2 | 130,000 |

16.     For the last ten years, InterMedia has used the GUNS & AMMO mark to market and sell a television show on The Sportsman Channel.  Approximately 400,000 viewers a month, from all fifty states, watch the GUNS & AMMO television show on The Sportsman Channel.

17.     The GUNS & AMMO mark is so distinctive and recognizable that producers of television shows and motion pictures, recently including, *e.g.,* the films SAFE HOUSE (Universal Pictures 2012), THE TWILIGHT SAGA:  BREAKING DAWN—PART 1 (Summit Entertainment 2011) and THE TWILIGHT SAGA:  BREAKING DAWN—PART 2 (Summit Entertainment 2012), often seek permission from InterMedia to use the GUNS & AMMO mark.

18.     It is common industry practice for magazines such as GUNS & AMMO to use those magazines' reputation and goodwill to promote and endorse industry events (such as shooting competitions), and particular goods and services (such as firing ranges).

19.     InterMedia has invested substantial time and money promoting and advertising the GUNS & AMMO mark, and establishing goodwill and brand recognition.  As a result of such advertising and promotion, the GUNS & AMMO mark has gained instant recognition among the public, and InterMedia has developed strong enforceable rights in the mark.

20.     Defendant uses the mark GUNS AND AMMO GARAGE in connection with Defendant's retail sale and marketing of firearms and operation of a shooting range.

21.     Defendant registered the domain name www.gunsandammogarage.com on May 4, 2010.

22.     The website operated by Defendant at the domain www.gunsandammogarage.com prominently features the GUNS AND AMMO GARAGE mark and markets various guns and ammunition, as well as tours and packages for Defendant's firing range.

23.     On December 22, 2011, Defendant filed an application in the U.S. Patent and Trademark Office ("USPTO") to register GUNS AND AMMO GARAGE as a mark for "gun retail store, gun accessories, gun merchandise, gun firing range, tactical gear[,]" Application Serial Number 85/502,518 (the "'518 Application").  In the '518 Application, Defendant recites a date of first use of GUNS AND AMMO GARAGE in U.S. commerce of July 1, 2011.

24.     On June 27, 2012, counsel for InterMedia sent correspondence to Defendant (the "June 2012 Letter") informing Defendant of InterMedia's federal registration for the GUNS & AMMO mark, demanding that Defendant: (a) immediately halt further use of the mark GUNS AND AMMO GARAGE and (b) transfer the domain name www.gunsandammogarage.com to InterMedia.   InterMedia's counsel has subsequently sent Defendant no fewer than two more letters reiterating InterMedia's demands.  Defendant has acknowledged receipt of, at a minimum, the June 2012 Letter.

## COUNT I

## TRADEMARK INFRINGEMENT (15 U.S.C. §1114(1)(a))

25.     InterMedia restates and incorporates by reference all of the above-stated allegations as though set forth fully herein.

26.     Defendant's GUNS AND AMMO GARAGE mark is confusingly similar to InterMedia's GUNS & AMMO mark.

27.     The goods and services offered by Defendant under the GUNS AND AMMO GARAGE mark are closely related to those offered by InterMedia under InterMedia's GUNS & AMMO mark.

28.     Defendant continues to use the GUNS AND AMMO GARAGE name and mark with full knowledge of InterMedia's prior rights in the mark GUNS & AMMO, for the purpose of, and with the intent of, trading upon and/or blurring the goodwill InterMedia has developed in InterMedia's famous GUNS & AMMO name and marks.

29.     Defendant's use of the GUNS AND AMMO GARAGE mark is likely to cause confusion, mistake, or deception as to the source, origin, or authenticity of Defendant's goods or services and to lead the public to conclude, incorrectly, that the services that Defendant is

advertising, marketing, and/or selling originate with, are authorized by, or sponsored by InterMedia, to the damage and harm of InterMedia and the public.

30.     Defendant's activities constitute infringement of InterMedia's federally registered trademark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

31.     Defendant has acted with actual and/or constructive knowledge of InterMedia's trademark rights, and in reckless disregard of those rights.

32.     InterMedia has been injured by Defendant's conduct and is entitled to recover damages in an amount that is unknown at the present time, but includes any and all profits Defendant has made as a result of Defendant's wrongful conduct, pursuant to 15 U.S.C. § 1117(a). Alternatively, InterMedia is entitled to statutory damages under 15 U.S.C. § 1117(c).

33.     Because Defendant's infringement of InterMedia's trademark rights has been willful within the meaning of the Lanham Act, InterMedia is entitled to trebling of any award of actual damages and profits pursuant to 15 U.S.C. § 1117(b).

34.     InterMedia has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) InterMedia's GUNS & AMMO mark is unique and valuable property which has no readily determinable market value; (b) Defendant's infringement constitutes harm to InterMedia such that InterMedia could not be made completely whole by any monetary award; (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of Defendant's infringing services; and (d) Defendant's wrongful conduct and the resulting damage to InterMedia are continuing.

35.     Defendant's aforesaid acts are causing irreparable harm to InterMedia and will continue to irreparably damage InterMedia unless enjoined by this Court.  Therefore, InterMedia is without an adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

36.     InterMedia is entitled to recover InterMedia's attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## COUNT II

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATIONS OF ORIGIN AND FALSE AND MISLEADING REPRESENTATIONS (15 U.S.C. § 1125(a))

37.     InterMedia restates and incorporates by reference all of the above-stated allegations as though set forth fully herein.

38.     Defendant's use of the GUNS AND AMMO GARAGE mark in connection with the marketing of guns, ammunition, and related services is likely to cause confusion, or to cause mistake, or to deceive the public as to an affiliation, connection, or association between Defendant and InterMedia.

39.     Defendant's use of the GUNS AND AMMO GARAGE mark in connection with Defendant's marketing of guns, ammunition, and services is likely to lead the interested public into the erroneous belief that InterMedia has licensed or otherwise approved or endorsed Defendant's commercial services and activities.

40.     The aforesaid acts of the Defendant constitute unfair competition and false representation or false designation of origin under violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and have, or are likely to have, an adverse effect upon Plaintiff's interstate commercial operations under Plaintiff's GUNS & AMMO mark.

41.     InterMedia has been injured by Defendant's conduct and is entitled to recover damages in an amount that is unknown at the present time, but includes any and all profits Defendant has made as a result of its wrongful conduct, pursuant to 15 U.S.C. § 1117(a). Alternatively, InterMedia is entitled to statutory damages under 15 U.S.C. § 1117(c).

42.     The aforesaid acts of Defendant are intentional, deliberate, wanton and willful.

43.     Because Defendant's conduct has been willful within the meaning of the Lanham Act, InterMedia is entitled to trebling of any award of actual damages and profits pursuant to 15 U.S.C. § 1117(b).

44.     InterMedia has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) InterMedia's GUNS & AMMO mark is unique and valuable property which has no readily determinable market value; (b) Defendant's infringement

constitutes harm to InterMedia such that InterMedia could not be made completely whole by any monetary award; (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of Defendant's infringing services; and (d) Defendant's wrongful conduct and the resulting damage to InterMedia are continuing.

45.     Defendant's aforesaid acts are causing irreparable harm to InterMedia and will continue to irreparably damage InterMedia unless enjoined by this Court.  Therefore, InterMedia is without an adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

46.     InterMedia is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

**COUNT III**

**TRADEMARK DILUTION**

**(15 U.S.C. § 1125(c))**

47.     InterMedia restates and incorporates by reference all of the above-stated allegations as though set forth fully herein.

48.     Defendant's use, and threatened continued use, of the GUNS AND AMMO GARAGE mark and the www.gunsandammogarage.com website, which are nearly identical in sight and sound to InterMedia's GUNS & AMMO mark, dilute, tarnish and/or blur the distinctive quality of the GUNS & AMMO mark, which acts have damaged and will continue to damage InterMedia's reputation and the goodwill established in connection with the GUNS & AMMO mark in violation of 15 U.S.C. §1125(c).

49.     InterMedia's GUNS & AMMO mark is distinctive and famous, widely recognized by the general consuming public of the United States as a designation of the source of GUNS & AMMO magazine and related products.

50.     Defendant's use of the GUNS AND AMMO GARAGE mark in commerce creates an association in the public mind with InterMedia's famous GUNS & AMMO mark, impairing the distinctiveness of InterMedia's GUNS & AMMO mark.

51.     Defendant's use of the GUNS AND AMMO GARAGE mark is intended to create an association with InterMedia's GUNS & AMMO mark where no such association exists.

52.     InterMedia began using the GUNS & AMMO mark as early as 1958.

53.     Defendant began using the GUNS AND AMMO GARAGE mark July 1, 2011, long after InterMedia's GUNS & AMMO mark became famous.

54.     Defendant's use of the GUNS AND AMMO GARAGE mark is willful and intended to trade upon the reputation of InterMedia's famous GUNS & AMMO mark

55.     Because Defendant began willfully using the GUNS AND AMMO GARAGE mark after October 6, 2006, InterMedia is entitled to recover damages in an amount that is unknown at the present time, but includes any and all profits Defendant has made as a result of its wrongful conduct, pursuant to 15 U.S.C. § 1125(5) and §1117(a).

56.     As a result of Defendant's unlawful actions, the reputation of InterMedia and the GUNS & AMMO mark have been harmed, causing InterMedia immediate and irreparable injury. Such irreparable injury will continue unless enjoined by this Court.  Therefore, InterMedia is without an adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

57.     InterMedia is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117(a).

## COUNT IV

## CYBERPIRACY

### (15 U.S.C. § 1125(d))

58.     InterMedia restates and incorporates by reference all of the above-stated allegations as though set forth fully herein.

59.     Defendant committed the acts described herein with a bad-faith intent to profit from InterMedia's GUNS & AMMO mark by registering, trafficking in, and/or using the GUNS AND AMMO GARAGE mark and the www.gunsandammogarage.com website.

60.     Defendant registered the www.gunsandammogarage.com website after InterMedia's GUNS & AMMO mark became famous and distinctive.

61.     Defendant's GUNS AND AMMO GARAGE mark is identical, nearly identical, and/or confusingly similar to InterMedia's GUNS & AMMO mark.

62.     The aforesaid acts of the Defendant constitute cyberpiracy in violation of § 43(d) of the Lanham Act (15 U.S.C. § 1125(d)).

63.     Defendant's aforesaid acts are intentional, deliberate, wanton and willful.

64.     InterMedia has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) InterMedia's GUNS & AMMO mark is unique and valuable property which has no readily determinable market value; (b) Defendant's infringement constitutes harm to InterMedia such that InterMedia could not be made completely whole by any monetary award; (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of Defendant's infringing services; and (d) Defendant's wrongful conduct and the resulting damage to InterMedia are continuing.

65.     Defendant's aforesaid acts are causing irreparable harm to InterMedia and will continue to irreparably damage InterMedia unless enjoined by this Court.  Therefore, InterMedia is without an adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

66.     InterMedia has been injured by Defendant's conduct and is entitled to recover damages in an amount that is unknown at the present time, but includes any and all profits Defendant has made as a result of its wrongful conduct, pursuant to 15 U.S.C. 1117(a).  Alternatively, InterMedia is entitled to statutory damages under 15 U.S.C. § 1117(c).

67.     Because Defendant's acts have been willful within the meaning of the Lanham Act, InterMedia is entitled to trebling of any award of actual damages and profits pursuant to 15 U.S.C. § 1117(b).  Pursuant to 15 U.S.C. §1117(a), InterMedia is entitled to an award of attorneys' fees.

68.     Pursuant to 15 U.S.C. §1125(d)(1)(C), InterMedia is entitled to an award requiring Defendant to forfeit ownership of the www.gunsandammogarage.com domain name or transfer ownership of that domain name to InterMedia.

## COUNT V

## MARK INFRINGEMENT UNDER NEVADA COMMON LAW

69. InterMedia restates and incorporates by reference all of the above-stated allegations as though set forth fully herein.

70. Defendant's use of the GUNS AND AMMO GARAGE mark is likely to cause confusion, cause mistake, or deceive consumers and the public with respect to the goods and/or services offered in commerce by Defendant, in violation of the common law of the State of Nevada.

71. The aforesaid acts of Defendant are oppressive, fraudulent, and malicious, and entitle InterMedia to punitive damages pursuant to NRS 42.005.

72. Defendant has profited as a direct and proximate result of Defendant's unlawful use of the GUNS AND AMMO GARAGE mark and is liable to InterMedia for the amount of those profits.

73. InterMedia has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) InterMedia's GUNS & AMMO mark is unique and valuable property which has no readily determinable market value; (b) Defendant's infringement constitutes harm to InterMedia such that InterMedia could not be made completely whole by any monetary award; (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of Defendant's infringing services; and (d) Defendant's wrongful conduct and the resulting damage to InterMedia are continuing.

74. Defendant's aforesaid acts are causing irreparable harm to InterMedia and will continue to irreparably damage InterMedia unless enjoined by this Court. Therefore, InterMedia is without an adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

75. InterMedia is also entitled to recover InterMedia's attorneys' fees and costs of suit.

## COUNT VI

## MARK DILUTION UNDER NRS 600.435

76.     InterMedia restates and incorporates by reference all of the above-stated allegations as though set forth fully herein.

77.     InterMedia is the owner of the GUNS & AMMO mark and uses the GUNS & AMMO mark to market InterMedia's goods and services to over 8 million people in all fifty states, including Nevada, and throughout the world.

78.     InterMedia's GUNS & AMMO mark is distinctive and famous, recognized worldwide, including in Nevada, and associated with InterMedia's marketing of guns, ammunition, and outdoor sports.

79.     Defendant's use, and continued use, of the GUNS AND AMMO GARAGE mark, which is nearly identical in sight and sound to InterMedia's GUNS & AMMO mark, causes dilution of the distinctive quality of the GUNS & AMMO mark and intends to create an association between InterMedia and Defendant where no such association exists.

80.     Defendant's use of the GUNS AND AMMO GARAGE mark after InterMedia registered the GUNS & AMMO mark constitutes a willful attempt to trade upon the recognition of the GUNS & AMMO mark.

81.     Because of Defendant's willful dilution of the GUNS & AMMO mark, InterMedia is entitled to an award of three times all profits derived by Defendant from Defendant's wrongful acts, and of three times all damages suffered by InterMedia as a result of those acts.

82.     InterMedia has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) InterMedia's GUNS & AMMO mark is unique and valuable property which has no readily determinable market value; (b) Defendant's infringement constitutes harm to InterMedia such that InterMedia could not be made completely whole by any monetary award; (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of

1   Defendant's infringing services; and (d) Defendant's wrongful conduct and the resulting damage

2   to InterMedia are continuing.

3         83.     As a result of Defendant's unlawful actions, the reputations of InterMedia and the

4   GUNS & AMMO mark have been harmed, causing InterMedia immediate and irreparable injury.

5   Such irreparable injury will continue unless enjoined by this Court.  Therefore, InterMedia is

6   without an adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

7         84.     Defendant's use of the GUNS AND AMMO GARAGE mark is fraudulent,

8   malicious, and oppressive and entitles InterMedia to punitive damages pursuant to NRS 42.005.

9         85.     InterMedia is also entitled to recover InterMedia's attorneys' fees and costs of suit

10  pursuant to NRS 600.435(3).

## COUNT VII

## MISAPPROPRIATION OF LICENSABLE COMMERCIAL PROPERTY UNDER NEVADA COMMON LAW

14        86.     InterMedia restates and incorporates by reference all of the above-stated

15  allegations as though set forth fully herein.

16        87.     InterMedia has consistently used the words GUNS & AMMO in commerce in a

17  manner that has created distinct commercial value, and InterMedia has developed valuable

18  goodwill arising from and associated with the use of the words GUNS & AMMO in commerce

19  (such use and goodwill collectively the "Commercial Property").

20        88.     InterMedia has licensed and continues to license the Commercial Property in

21  return for value.

22        89.     Defendant has misappropriated the Commercial Property by doing business under

23  the GUNS AND AMMO GARAGE mark and registering the www.gunsandammogarage.com

24  domain name, which make use of the Commercial Property for Defendant's enrichment without

25  InterMedia having been appropriately compensated for such use, thereby depriving InterMedia

26  of the commercial value of the Commercial Property.

27        90.     Defendant never had the legal right, authority, or license to use the Commercial

28  Property or any portion thereof.

91.     InterMedia has sustained and will continue to sustain damages as a direct and proximate result of Defendant's misappropriation of InterMedia's licensable Commercial Property, and is liable to InterMedia for the amount of those present and future damages.

92.     InterMedia has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) InterMedia's Commercial Property is unique and valuable property which has no readily determinable market value; (b) Defendant's misappropriation of the Commercial Property constitutes harm to InterMedia such that InterMedia could not be made completely whole by any monetary award; (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of Defendant's infringing services; and (d) Defendant's wrongful conduct and the resulting damage to InterMedia are continuing.

93.     As a result of Defendant's unlawful actions, the value of the Commercial Property is impaired, causing InterMedia immediate and irreparable injury.  Such irreparable injury will continue unless enjoined by this Court.  Therefore, InterMedia is without an adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

94.     InterMedia is also entitled to recover InterMedia's attorneys' fees and actual costs of suit.

## PRAYER FOR RELIEF

Plaintiff, InterMedia, respectfully requests:

1.  That judgment be entered declaring that:

  a.     Defendant's use of the mark GUNS AND AMMO GARAGE in connection with Defendant's goods and services is likely to cause confusion, or to cause mistake, or to deceive, with respect to Plaintiff's GUNS & AMMO mark;

  b.     Defendant has competed unfairly with InterMedia;

  c.     Defendant has committed cyberpiracy in the adoption and use of the domain name www.gundsandammogarage.com in violation of 15 U.S.C. §1125(d);

d.  Defendant's acts of infringement and unfair competition have been intentional, deliberate, wanton and willful; and

e.  This case is "exceptional" under 15 U.S.C. §1117.

2.  That the Defendant, and all of Defendant's officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with any of them, be enjoined, preliminarily and permanently, from:

a.  Using the mark GUNS AND AMMO GARAGE or any confusingly similar designation alone or in combination with other words or symbols, as a trademark, service mark, trade name component, Internet name, or otherwise, to market, advertise or identify any of the Defendant's goods or services;

b.  Unfairly competing with InterMedia in any manner whatsoever, including, but not limited to, operating the website reposed at the domain www.gunsandammogarage.com; and

c.  Assisting, inducing, aiding or abetting any other person or business entity in engaging in any of the activities prohibited in subparagraphs 2a-2b above.

3.  That Defendant be required to relinquish the registration of the domain name www.gunsandammogarage.com and be limited to use of a domain name or names that do not utilize or include the mark GUNS & AMMO or any colorable imitations thereof, or confusingly similar thereto, or otherwise likely to cause confusion or to injure InterMedia's business reputation.

4.  That the Defendant be required to pay to InterMedia damages and costs as follows:

a.  Defendant's profits resulting from the sale of products sold in violation of 15 U.S.C. §§ 1114 and 1125;

b.  Prejudgment interest on the aforesaid award in accordance with 15 U.S.C. § 1117(b) and other applicable law;

c.  Plaintiff's reasonable attorney fees and costs in accordance with 15 U.S.C. § 1117(a) and other applicable law;

d.      Enhanced damages pursuant to 15 U.S.C. § 1117; and

e.      Any other relief allowed for under statutes and common law of the State of Nevada or deemed appropriate by the Court.

5.      That the Defendant be required to file with this Court and serve upon InterMedia, within thirty (30) days after entry of any injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the terms of any injunction entered by this Court, in accordance with 15 U.S.C. § 1116.

6.      That this Court grants the Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

InterMedia hereby demands a trial by jury for all issues so triable.

Respectfully submitted this 8th day of November, 2012.

DICKINSON WRIGHT PLLC

By    /s/ J.D. Lowry

STEVEN A. GIBSON
Nevada Bar No. 6656
JODI DONETTA LOWRY
Nevada Bar No. 7798
JOHN C. BLATTNER
*Pro Hac Vice* Application Filed Simultaneously Herewith
MICHELLE R. HEIKKA
*Pro Hac Vice* Application Filed Simultaneously Herewith
City Center West
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128